**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**SHAMEIKA D. GARY,**

**Plaintiff,**

**v.** **Case 2:25-cv-02892-BCL-cgc**

**LARRY SISSON and**
**TESCO PROPERTIES, INC.,**

**Defendants.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS**

---

Before the Court is Defendants Larry Sisson ("Sisson") and Tesco Properties, Incorporated ("Tesco") Motion to Dismiss filed pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #12). Pursuant to Administrative Order 2013-05, Defendants' Motion to Dismiss has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

## I. Introduction

On September 19, 2025, Plaintiff Shameika D. Gary filed a *pro se* Complaint pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Americans with Disability Act, 42 U.S.C. §§ 12112, *et seq*. ("ADA"). Plaintiff alleges that she suffered unequal terms and conditions of employment, retaliation, and "constructive termination – leading to

resign[ation]" on June 15, 2023. (Compl. ¶ 6). When asked to check a box for the basis or bases of discrimination, Plaintiff did not select any and wrote "NA." (Compl. ¶ 9).

Plaintiff's Complaint states that she filed a charge of discrimination on June 18, 2023. (Compl. ¶¶ 11-12). She states that she attached the Right to Sue letter as an exhibit, but when asked on what date she received it, she left the space blank. (Compl. ¶ 14). Upon review of her exhibits, her Right to Sue letter in Charge Number 324-2023-01369 was issued by the Equal Employment Opportunity Commission on April 8, 2025. (Compl. at Exh. 1). It advised that she must file any lawsuit "**WITHIN 90 DAYS of your receipt of this notice**." (*Id.*) It further instructed Plaintiff to "keep a record of the date [she] received this notice." (*Id.*) Plaintiff did not file her Charge of Discrimination as an exhibit; thus, the Court does not have any factual allegations regarding the underlying charge, including any stated bases of discrimination at the administrative level.

On March 25, 2026, Defendants Sisson and Tesco filed their Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue as follows: (1) Defendant Sisson has not been properly served with the Summons and Complaint and, thus, the Court lacks personal jurisdiction over him and service of process was insufficient; (2) neither Title VII nor the ADA provides for individual liability and, thus, Plaintiff's claims fail to state a claim upon which relief may be granted as to Defendant Sisson; (3) Plaintiff fails to allege any actionable Title VII or ADA claim against Defendant Tesco; and, (4) Plaintiff failed to file her Complaint within ninety days of the receipt of her Right to Sue letter from the EEOC.

Local Rule 12.1(b) requires that a party opposing a motion to dismiss file a response within twenty-eight days after the motion is served. Plaintiff failed to do so. On April 15, 2026, Plaintiff

filed a "Motion to Continue," (D.E. #14), which the Court granted (D.E. #16). This permitted Plaintiff until May 6, 2026 to respond to Defendants' Motion to Dismiss.

On April 27, 2026, Plaintiff filed two Responses to Defendants' Motion to Dismiss. (D.E. #17, #18). Plaintiff's first Response cursorily stated that she should not be required to "share personal nor confidential health [information] in this matter." (*Id.*) Plaintiff's second Response contains a lengthier factual discussion of her allegations, albeit without any arguments that are responsive to Defendants' Motion to Dismiss; however, as her first Response was clearly titled as such and Local Rule 12.1(b) does not permit multiple responses, it has not been considered for purposes of this Report and Recommendation.

On April 29, 2026, Defendants filed their Reply reiterating that Plaintiff's Complaint should be dismissed for the reasons set forth in their Motion. (D.E. #19).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also

not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

**III. Proposed Analysis and Conclusions of Law**

Defendants have raised multiple bases for dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6). Taking the alleged deficiencies in the chronological order that they occurred, the initial question must be whether Plaintiff timely filed her Complaint within ninety days of receiving her Right to Sue letter.

Plaintiff is required to state the date upon which she received her Right to Sue letter for this Court to consider this question. She did not do so. Further, while she did attach the Right to Sue letter as an exhibit, it was issued on April 8, 2025. Plaintiff's Complaint was not filed with this Court until September 19, 2025 – 164 days after the Right to Sue letter was issued.

The Sixth Circuit has clearly held that "a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court," and failure to do so will result in dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See, e.g., Glennell M. Smith v. Michael Huerta*, No. 2:12-cv-02640, 2013 WL 3242492, at *1-*2 (W.D. Tenn. 2013). Accordingly, it is RECOMMENDED here that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

**IV. Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**SIGNED** this 8th day of October, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**