**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**SHAMEIKA D. GARY,**

*Plaintiff*,

v. Case No. 2:25-cv-02892-BCL-cgc

**LARRY SISSON,**
**TESCO PROPERTIES,**

*Defendants*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, entered October 8, 2026. Doc. 20. The Report recommends that Defendants' Motion to Dismiss (Doc. 12) be granted. *Id.* at 6. Plaintiff had fourteen days after being served to file objections. Plaintiff filed timely objections.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a

de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

**BACKGROUND**

On September 19, 2025, Plaintiff filed this lawsuit asserting that she suffered unequal terms and conditions of employment, retaliation, and "constructive termination – leading to resign[ation]" on June 15, 2023. Doc. 2 at 4. The complaint states that Plaintiff filed a charge of discrimination on either June 15 or 18, 2023, and that she attached the Right to Sue letter as an exhibit, although the line for entry of the date she received it is left blank. *Id.* at 4, 6. The attached right to sue letter states that it was issued on April 8, 2025. Doc. 2-1 at 1. Additionally, it states that "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." *Id.* Given that there was 164 days between the right to sue and the complaint's filing, Magistrate Judge Claxton recommended that the Motion to Dismiss be granted. Doc. 20 at 5. Defendant timely objected, claiming that "the entire period leading up to September 19, 2025 is subject to equitable tolling." Doc. 21.

**ANALYSIS**

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objection, and finds no error in the Magistrate Judge's analysis or conclusions.

To establish "equitable tolling of a statute of limitations," a litigant must establish "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 250 (2016). Further, the Sixth Circuit has identified five non-exclusive factors for use in determining when equitable tolling is appropriate. Doc. 13 at 3.

> 1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 132 (6th Cir. 2007).

Plaintiff's complaint alleges no facts speaking to the elements of equitable tolling, nor to the various factors that might inform its application. Plaintiff does not allege that she did not know—much less points to facts showing that she should not reasonably have known—of the statute of limitations. Nor does she allege facts showing diligence in pursuing her rights, nor that she was reasonable in remaining ignorant of the statute of limitations. Nor does she identify an extraordinary legal circumstance standing in her way.

Plaintiff's objection to the Report and Recommendation is likewise bereft of such a discussion. There, Plaintiff claims that she has been "suffering from debilitating mental and emotional distress during this exact timeframe" which has impacted her "capacity to navigate complex federal [] deadlines." Doc. 21 at 2. That argument fails for two independently sufficient reasons. First, Plaintiff forfeited this argument by failing to raise it before Magistrate Judge Claxton issued her Recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judge Act, 28 U.S.C. section 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" absent "compelling reasons"). Second, Plaintiff's general and vague claim of distress is insufficient to support equitable tolling. *See Holt v. City of Dickson of Tennessee*, 2015 WL 6619969, at *5 (M.D. Tenn. Oct. 30, 2015) (finding plaintiff's vague claim of emotional and mental distress was not sufficient to justify equitable tolling).

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 20). Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**. This matter is **DISMISSED**, as confirmed by a separate judgment.

**IT IS SO ORDERED**, this 26th day of October, 2026.

s/*Brian C. Lea*____________________
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE